UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROMERO HEAD, as the court-appointed Personal Representative of the Estate of ROMEO A. HEAD,<br><br>Plaintiff,<br><br>v.<br><br>DISTTECH, LLC, *et al.*,<br><br>Defendants. | CASE NO. C16-1727 RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

## I.   INTRODUCTION

This matter comes before the Court upon Defendants DistTech LLC ("DistTech") and Jacques Wright's (collectively "Defendants") motion for judgment on the pleadings. Dkt. #21. Mr. Wright, a commercial truck driver for Defendant DistTech, is allegedly liable for the wrongful death of Romeo A. Head. Plaintiff Romero Head, acting as the court-appointed Personal Representative of the Estate of Romeo A. Head, brought this claim, and asserts a cause of action for negligence against Mr. Wright, and a cause of action for negligent hiring, retention, entrustment, training, and supervision against Defendant DistTech. Because it is

undisputed that Mr. Wright was acting within the scope of his employment at the time of Romeo's death, Defendants assert that Plaintiff's negligent hiring, retention, entrustment, training, and supervision against Defendant DistTech are redundant and warrant dismissal. For the reasons stated herein, the Court agrees with Defendants and GRANTS their motion for judgment on the pleadings.

## II.   BACKGROUND

On February 9, 2014, Romeo Head was allegedly struck, knocked down, and run over by Mr. Wright's semi-truck and trailer. Dkt. #1 ¶¶ 3.8, 3.16. Before he was struck, Romeo, an independent interstate commercial driver, had just arrived at Ken's Truck Town truck stop. *See id*. ¶¶ 3.6-3.17. Romeo was allegedly helping another truck driver park her truck when Mr. Wright, an employee of DistTech LLC, drove into Ken's Truck Town. *Id*. ¶ 3.20. Mr. Wright allegedly entered and drove through the truck stop's parking lot "in a manner and at a speed that was careless and unsafe," and his rear wheels struck and ran over Romeo. *Id*. ¶ 3.15-3.17. Although the rear wheels of Mr. Wright's trailer allegedly "bounced," Mr. Wright did not stop his truck, and he proceeded to the truck stop's fueling station. *Id*. ¶¶ 3.17-3.18. Mr. Wright was inside the truck stop's store when he was approached by law enforcement. *Id*. ¶¶ 3.19. Mr. Wright denied knowing his trailer struck and ran over Romeo. *Id*. ¶ 3.23. Romeo's injuries were fatal. *Id*. ¶¶ 3.16, 3.18.

## III.   LEGAL STANDARD

As long as trial is not delayed, parties can move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). Rule 12(c) motions challenge "the legal sufficiency of the opposing party's pleadings." *Perez v. Wells Fargo and Co.*, 75 F. Supp. 3d 1184, 1187 (N.D. Cal. 2014) (internal quotes and citation omitted). If the moving party can establish, on the face of the pleadings, that no material issue of fact remains unresolved and that it is entitled to

judgment as a matter of law, a judgment on the pleadings is proper. *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The pleaded facts are viewed in the light most favorable to the non-moving party. *Perez*, 75 F. Supp. 3d at 1187 (citing *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 (9th Cir. 1992)).

The same standard for granting a Rule 12(b)(6) motion applies to a Rule 12(c) motion for judgment on the pleadings. *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). To survive dismissal, complaints "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility can be established if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If it appears "beyond doubt" that a plaintiff cannot prove a set of facts that would entitle her to relief, the plaintiff's claim will be dismissed. *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 782-83 (9th Cir. 1996).

### IV.   DISCUSSION

Defendants contend Plaintiff's negligence claims against Defendant DistTech warrant dismissal because they allege no cognizable theory of recovery. To support this argument, Defendants argue that when an employer admits that its employee was acting within the scope and course of its employment vicarious liability, not negligence, is the proper avenue for plaintiffs to recover from employers. *See* Dkts. #21 at 4-5 (citing *LaPlant v. Snohomish Cty.*, 271 P.3d 254, 256 (Wash. Ct. App. 2011)), and #24 at 1-2. Because Defendant DistTech admits that Mr. Wright was acting within the scope of his employment when Romeo was killed, Defendants argue that Plaintiff's claims for negligent hiring, retention, entrustment, training, and supervision fail as a matter of law. Dkt. #21 at 5-6. Defendants thus argue that Plaintiff's

negligence claims against DistTech are redundant because "they are unnecessary for Plaintiff to recover its damages from DistTech." *Id*. at 5.

In response, Plaintiff contends that its negligence claim against Defendant DistTech is proper because duties imposed by the Federal Motor Carrier Safety Administration regulations create an independent basis upon which Plaintiff can assert these claims. Dkt. #22 at 3-6. Regarding the risk of redundancy posed by his negligence claims against Defendant DistTech, Plaintiff proposes the use of a limited jury instruction to "instruct the jury not to make a duplicative award if it finds both the driver and the employer were negligent in causing the same harm." *Id*. at 5-6. However, if Defendants' motion is granted, Plaintiff asks the Court not to strike paragraphs 5.1 through 5.6 of the dismissed claims because these paragraphs "merely set forth facts and assertions which do not include causes of action or claims of negligence." [1]

The Court agrees that Plaintiff's negligent hiring, retention, entrustment, training, and supervision claims against Defendant DistTech allege no cognizable legal theory of recovery. In Washington State, causes of action for negligent hiring, retention, training, and supervision arise when employees act outside the scope of their employment. *E.g.*, *Evans v. Tacoma Sch. Dist. No. 10*, 380 P.3d 553, 564 (Wash. Ct. App. 2016) (citing *Niece v. Elmview Grp. Home*, 929 P.2d 420, 427 (Wash. 1997)); *also Davis v. Clark Cty., Wash.*, 966 F. Supp. 2d 1106, 1144-45 (W.D. Wash. 2013) (affirming Order holding plaintiffs must show defendants acted outside scope of employment to maintain claim against county regarding an independent duty to properly train and supervise its employees) (citing *LaPlant v. Snohomish Cty.*, 271 P.3d 254 (Wash. Ct. App. 2011)). Consequently, if an employer admits that its employee was acting within the scope of

---

[1] Plaintiff's Response raises arguments related to affirmative defenses that have now been waived by Defendants. *See* Dkts. #22 at 6 and #27 at 1-2. Because these affirmative defenses have been waived, the Court will not address these arguments. Plaintiff's Response also improperly requests an order precluding Defendants from objecting to discovery on the issues of hiring, retention, entrustment, training, and supervision. Dkt. #22 at 7. Parties seeking relief from the Court must file and note a motion in accordance with Local Civil Rule 7. Consequently, the Court will not address the merits of Plaintiff's request in its Order.

employment, a plaintiff can recover based on vicarious liability, and claims for negligent hiring, retention, entrustment, supervision, and training are rendered improper. *LaPlant*, 271 P.3d at 256-57. This outcome is appropriate where a cause of action for vicarious liability and causes of action for negligent hiring, retention, supervision, and training rest on the determination that an employee's negligence was the proximate cause of a plaintiff's injuries. *Id*. at 257. If a plaintiff fails to establish the employee's negligence, the employer cannot be liable, even if the employer was negligent in training and supervising its employee. *Id*. Given the alleged facts, the Court agrees that Plaintiff's negligent hiring, retention, entrustment, supervision, and training cause of action is redundant and warrants dismissal.

Here, Plaintiff has alleged, and Defendant DistTech has admitted, that Mr. Wright was acting within the scope of his employment when his trailer struck Romeo. Consequently, if Plaintiff can establish Mr. Wright's negligence, Defendant DistTech will also be liable. However, if allowed to proceed, Plaintiff's claims against Defendant DistTech are redundant because those claims, like Plaintiff's negligence claim against Mr. Wright, rest on the determination that Mr. Wright was negligent, and that this negligence was the proximate cause of Romeo's death. In other words, if Plaintiff cannot establish Mr. Wright's negligence, Defendant DistTech cannot be held liable.

Plaintiff's arguments to the contrary are not persuasive. Instead of explaining why Plaintiffs should be allowed to raise mutually exclusive causes of action, Plaintiff spends several pages explaining the duties imposed on interstate commercial carriers like Defendant DistTech. *See* Dkt. #22 at 3-5. Citation to the regulations imposed on Defendant DistTech does not explain why Plaintiff should be allowed to proceed with his negligence claims against Defendant DistTech, and the Court is equally unpersuaded that the redundancy caused by Plaintiff's causes of action can be cured with a jury instruction. Accordingly, because Plaintiff's negligence

claims against Defendant DistTech allege no cognizable legal theory of recovery, the Court GRANTS Defendants' motion for judgment on the pleadings.

## V.   CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion for judgment on the pleadings (Dkt. #21) and Plaintiff's negligent hiring, retention, entrustment, supervision, and training claims are dismissed.  If he so chooses, Plaintiff may file an amended complaint, within fourteen (14) days from the date of this Order, to include paragraphs that "merely set forth facts and assertions which do not include causes of action or claims of negligence."

DATED this 3rd day of March 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE