UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROMERO HEAD, as the court-appointed Personal Representative of the Estate of ROMEO A. HEAD,<br><br>            Plaintiff,<br><br>   v.<br><br>DISTTECH, LLC, *et al.*,<br><br>            Defendants. | CASE NO. C16-1727 RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

## I.    INTRODUCTION

This matter comes before the Court upon Defendants DistTech LLC ("DistTech") and Jacques Wright's (collectively "Defendants") Motion for Protective Order. Dkt. #26.  For the reasons stated herein, the Court agrees with Defendants and GRANTS their Motion.

## II.    BACKGROUND

The background facts in this matter have been summarized by the Court's Order Granting Defendants' Motion for Judgment on the Pleadings (Dkt. #29) and are incorporated by reference.  In that Order, the Court dismissed Plaintiff's claims against Defendant DistTech

for negligent hiring, retention, entrustment, supervision, and training. Dkt. #29. However, while that Motion was still pending and before the Court issued its Order, Plaintiff propounded certain discovery requests that relate directly to the dismissed claims. *See* Dkts. #26-1 and #26-2. On February 23, 2017, Defendants filed the instant Motion for Protective Order. Dkt. #26. This Motion was properly noted for consideration on March 3, 2017. *Id.* Plaintiff's response to this Motion was due on March 1, 2017. *See* LCR 7(d)(2). Seeing no response brief, Defendants filed a Reply in support of their Motion on March 3, 2017. Dkt. #30. On March 6, 2017, Plaintiff filed a purported Response without leave from the Court. Dkt. #31.

### III.    LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)); *see also Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009) ("The decision to issue a protective order rests within the sound discretion of the trial court."). This Court has the authority to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1).

### IV.    DISCUSSION

Defendants argue in the instant Motion, filed before the Court's Order dismissing certain of Plaintiff's claims, that Plaintiff should not be allowed to pursue discovery related to those

claims. *See* Dkt. #26. Defendants attach some of Plaintiff's discovery requests seeking, *e.g.*, information related to "training and education… provided by or on behalf of [DistTech] to Jacques A. Wright at any time," and "documents related to your recruiting and hiring of Jacques A. Wright." Dkt. #26-1 at 2. Defendants argue that "many" of these discovery requests "relate directly to the redundant negligence claims at issue." Dkt. #26 at 2. However, Defendants stop short of explicitly requesting that all of the attached discovery requests be barred under a proposed protective order. *See* Dkts. #26 and #26-3 (Defendants' proposed protective order).

Plaintiff failed to file a timely response to the instant Motion. Plaintiff's purported Response (Dkt. #31) was filed without prior leave from the Court and fails to acknowledge the timing issue. Plaintiff' "does not dispute that some Protective Order should be issued by the Court," but argues that such an order should not preclude Plaintiff's discovery on Defendant Wright's "driver qualification file, training file, discipline file (if any) and DisTech LLC Policies, Procedures, Guidelines and Safe Driver requirements." Dkt. # 31 at 2. Although the Court is entitled to ignore this brief, the Court has reviewed it and concluded it would not have changed the Court's decision below.

Given the Court's prior Order dismissing Plaintiff's claims at issue, it is clear that discovery requests that relate solely to those claims should be barred as irrelevant. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff appears to agree. The Court will thus grant Defendants' requested relief and issue a protective order barring Plaintiff from seeking discovery related to Plaintiff's now-dismissed negligent hiring, training, retention, supervision and entrustment claims. It is not properly before the Court whether Defendant Wright's "driver qualification file, training file, discipline file (if any) and DisTech LLC Policies, Procedures, Guidelines and Safe Driver requirements" are properly relevant to Plaintiff's remaining negligence claim. The Court trusts the parties and their counsel can adequately resolve this question without the Court's assistance.

## V.    CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion for Protective Order (Dkt. #26) and hereby orders that Plaintiff may not propound discovery regarding Plaintiff's now-dismissed negligent hiring, training, retention, supervision and entrustment claims.

DATED this 7th day of April 2017.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER - 4