UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROMERO HEAD, as the court-appointed Personal Representative of the Estate of ROMEO A. HEAD,<br><br>                  Plaintiff,<br><br>    v.<br><br>DISTTECH, LLC, *et al*.,<br><br>                  Defendants. | CASE NO. C16-1727 RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PARAGRAPHS |

## I. INTRODUCTION

This matter comes before the Court upon Defendants DistTech LLC ("DistTech") and Jacques Wright's ("Defendants") Motion to Dismiss. Dkt. #34. Defendants move under Rule 12(b)(6) to dismiss paragraphs 4.8, 4.9, 4.10, 4.11, 4.12, 4.15, and 4.16 of Plaintiff's recently filed Amended Complaint. *Id.* Plaintiff Romero Head opposes this Motion. Dkt. #37. For the reasons stated herein, the Court agrees with Defendants and GRANTS their Motion.

## II. BACKGROUND

The background facts in this matter have been summarized by the Court's Order Granting Defendants' Motion for Judgment on the Pleadings, Dkt. #29, and are incorporated by reference. In that Order, the Court dismissed Plaintiff's claims against Defendant DistTech for negligent hiring, retention, entrustment, supervision, and training, and granted leave for

Plaintiff to amend his Complaint "to include paragraphs that 'merely set forth facts and assertions which do not include causes of action or claims of negligence.'" Dkt. #29. Plaintiff filed his Amended Complaint on March 15, 2017. Dkt. #33. This Amended Complaint has sections titled "The Parties," "Jurisdiction and Venue," "Facts," "Negligence and Reckless Disregard," "Damages," and "Prayer for Relief." *Id.* In the "Negligence and Reckless Disregard" section, Plaintiff has amended to include the following paragraphs at issue:

> 4.8  At all relevant times, Defendant DISTTECH and Defendant JACQUES A. WRIGHT were subject to and required to obey the minimum regulations and standards established by the Federal Motor Carrier Safety Regulations (FMCSR) and trucking industry standards.
>
> 4.9  Defendant DISTTECH was required to confirm and certify Defendant JACQUES A. WRIGHT's physical and mental fitness for and proper qualifications as a commercial driver.
>
> 4.10  Defendant DISTTECH in their capacity as an interstate motor carrier was also required to teach and to train Defendant JACQUES A. WRIGHT, or confirm that Defendant JACQUES A. WRIGHT was properly trained so that he could obey the rules and regulations contained in the FMCSR.
>
> 4.11  Defendant DISTTECH was also required to teach and to train Defendant JACQUES A. WRIGHT or confirm that Defendant JACQUES A. WRIGHT was properly trained so that he could obey the industry standards of practice for a commercial truck driver.
>
> 4.12  Defendant DISTTECH was required to promulgate and enforce rules, guidelines, regulations and standards to ensure that its drivers, including Defendant JACQUES A. WRIGHT, were reasonable and safe in their operation of Company semi-trucks.
>
> 4.15  Defendant JACQUES A. WRIGHT's employer applies the principle of safe working and defensive driving to all motor vehicle accidents and personal injuries.
>
> 4.16  Defendant JACQUES A. WRIGHT's employer, when reviewing an accident or injury must consider company policies, safety standards, state law, federal regulations and other pertinent information in making the determination of preventability.

Dkt. #33 at 7-8.

### III.     LEGAL STANDARD

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### IV.     DISCUSSION

Defendants move to dismiss the above paragraphs from Plaintiff's Amended Complaint, citing the Court's prior Order granting Defendants' Motion for Judgment on the Pleadings, Dkt. #29, described above. Defendants argue that the paragraphs above do more than "merely set forth facts and assertions which do not include causes of actions or claims of negligence." Dkt. #34 at 2-3. Defendants argue that these paragraphs are futile and should be dismissed.

In Response, Plaintiff argues that he "appropriately amended his complaint to only include paragraphs setting forth facts and assertions, all of which are relevant to the remaining issues and claims in the case." Dkt. #37 at 2. Plaintiff argues that "[e]ach of the paragraphs attacked by the Defendants only make statements of fact or assertions that will be or should be admitted by the Defendants, and relate to the very issues with must be considered in determining

the negligence of Defendant Wright." *Id*. at 4. Plaintiff argues in the alternative that the Court should grant leave for Plaintiff to file a Second Amended Complaint. *Id*. at 12.

The Court finds that the paragraphs at issue are not merely facts, otherwise they would be in the section titled "Facts." Instead, these paragraphs assert claims against Defendant DistTech contrary to the Court's previous Order. The Court will allow Plaintiff to amend to fix this problem. *See Schreiber, supra.* Plaintiff may add facts or assertions as to regulations and standards that applied to Defendant Wright, company rules that applied to Defendant Wright, Defendant Wright's physical and mental fitness, Defendant Wright's training, and other circumstances surrounding Defendant Wright's actions at issue in the negligence claim against him. Plaintiff may not include claims against Defendant DistTech or assertions of duties owed by DistTech to Plaintiff. The Court warns Plaintiff that it may not allow further amendment if Defendants are forced to move for similar relief in the future.

## V. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss, Dkt. #34, and hereby orders that paragraphs 4.8, 4.9, 4.10, 4.11, 4.12, 4.15, and 4.16 of Plaintiff's Amended Complaint are DISMISSED. If he so chooses, Plaintiff may file a second amended complaint as set forth above **within seven (7) days from the date of this Order**.

DATED this 4th day of May 2017.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE