UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROMERO HEAD, as the court-appointed Personal Representative of the Estate of ROMEO A. HEAD,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DISTTECH, LLC, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. C16-1727 RSM<br><br>ORDER GRANTING IN PART DEFENDANTS' SECOND MOTION FOR PROTECTIVE ORDER AND GRANTING PLAINTIFF'S MOTION TO COMPEL |

## I.　INTRODUCTION

This matter comes before the Court on Defendants DistTech LLC ("DistTech") and Jacques Wright's (collectively "Defendants") Motion for Protective Order, Dkt. #46, and Plaintiff Romero Head's Motion to Compel, Dkt. #50.  For the reasons stated herein, the Court generally denies Defendants' request for a protective order except as to one issue, GRANTS IN PART their Motion, and GRANTS Plaintiff's Motion to Compel.

//

//

## II. BACKGROUND

The background facts in this matter have been summarized by the Court's Order Granting Defendants' Motion for Judgment on the Pleadings, Dkt. #29, and are incorporated by reference. On April 7, 2017, the Court entered a Protective Order "barring Plaintiff from seeking discovery related to Plaintiff's now-dismissed negligent hiring, training, retention, supervision and entrustment claims" but declining to rule "whether Defendant Wright's 'driver qualification file, training file, discipline file (if any) and DisTech LLC Policies, Procedures, Guidelines and Safe Driver requirements' are properly relevant to Plaintiff's remaining negligence claim." Dkt. #36 at 3.

On May 24, 2017, Defendants provided a Privilege Log stating that two incident reports subject to prior discovery were protected by the work-product privilege. Dkt. #51-1 at 3.

On July 12, 2017, Plaintiff requested to depose eight DistTech employees, including a Rule 30(b)(6) corporate representative. Dkt. #47-1 at 1. Given the Protective Order above, on July 21, 2017, Defendants asked Plaintiff to identify the topics that would be covered during these depositions. *Id.* at 4–5. On August 1, 2017, Plaintiff responded, listing only six witnesses to be deposed about the following topics:

> 1. Virgil Davis - communication with Wright; purpose for his completing his [sic] incident report; termination of Wright; expectation that Wright would follow Company rules and policies; Preventability vs. Non-Preventability; Denials set forth in the Answer to the Plaintiff s Amended Complaint;
>
> 2. JR Pierce - communication with Wright; requirement that Wright was to complete two separate incident reports; purpose for the completion of incident reports; termination of Wright; expectation that Wright would follow Company rules and policies; Preventability vs. Non-Preventability; Denials set forth in the Answer to the Plaintiff's Amended Complaint;
>
> 3. Tammy Beres - communication with Wright; travel arrangements;

4. Head of Safety Department in 2014 - termination of Wright; requirement that incident reports would be completed in the ordinary course of business; expectation that Wright would follow Company rules and policies; Preventability vs. Non-Preventability; Denials set forth in the Answer to the Plaintiff's Amended Complaint;

5. 30(b)(6) Representative most knowledgeable regarding the Company's Accident Review Board and SPG/TCS Loss Prevention Manual Determining Accident Preventability Guide - Preventability vs. Non-Preventability; Denials set forth in the Answer to the Plaintiff s Amended Complaint; and,

6. Head of Training February 2014 - expectation that Wright would follow Company rules and policies; Preventability vs. Non-Preventability; Denials set forth in the Answer to the Plaintiff's Amended Complaint.

*Id.* at 9.

On July 13, 2017, Plaintiff sent out requests for production seeking Defendant Wright's employment records from the employer he worked for after the accident. That same day, Plaintiff sent requests for production to DistTech seeking information about Wright's departure from DistTech, Wright's travel arrangements back to the State of Georgia after the accident, and a copy of DistTech's post-accident corporate report forms, including internal accident preventability vs. non-preventability determinations. *See* Dkt. #49-2.

### III. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining

relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)); *see also Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009) ("The decision to issue a protective order rests within the sound discretion of the trial court."). This Court has the authority to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## IV. DISCUSSION

### A. Defendants' Second Motion for Protective Order

Defendants argue the above discovery is irrelevant because it asks about "post-accident conduct." *See* Dkt. #46 at 7. Defendants argue that "[n]othing that Wright did or did not do after the accident (*i.e.* after Mr. Head died) proves or disproves Wright's alleged negligence" and that because DistTech is liable solely under a theory of vicarious liability, "discovery from DistTech employees regarding their postaccident actions or inactions is completely irrelevant to the issues in the case." *Id*. at 7–8. Defendants also argue that this discovery is not proportional "because it does not relate to any issue that is important to the remaining claims in this case," which is really another way of saying that the requests are not relevant. *Id*. at 8–9. Finally, Defendants argue that this discovery is "extremely burdensome" because "Defendants will need to defend up to 56 hours of deposition testimony involving completely irrelevant and unimportant issues" and because the deponents will need to travel from out of state. *Id*. at 9.

In Response, Plaintiff argues that the above discovery is relevant for determining whether the accident was "preventable." Dkt. #48 at 2. Plaintiff argues that he is seeking DistTech's

communications with Wright post-accident, as well as "any investigation undertaken as a part of the ordinary course of business" and other post-accident inquiries. *Id*. Plaintiff argues that these inquiries are necessitated by unanswered questions at Defendant Wright's deposition. *Id*. at 4–6. Plaintiff argues that these records are relevant for attacking Defendant Wright's credibility, and for determining if Wright violated company policies. *Id*. at 8. Plaintiff argues that records regarding Federal Motor Carrier forms, Defendant Wright's termination, and Wright's subsequent hiring by a different employer are all relevant, but does not articulate why. *Id*. at 9 ("We are entitled to know what he wrote on his application and what representations he made;" Defendant Wright's termination is highly relevant."). Plaintiff argues that any burden on Defendants to participate in the requested depositions can be reduced via video conferencing, and that depositions should last only two to three hours each. *Id*. at 10.

On Reply, Defendants argue that "completion of a post-accident incident report has no bearing on Wright's alleged negligence" and that "depositions [on that subject] will impose a significant burden and expense that far outweigh any speculative benefit they may have." Dkt. #53 at 3–4. Defendants argue that Wright's travel arrangements after the accident are irrelevant. *Id*. at 4. Defendants do not oppose discovery on Wright's subsequent communications with DistTech employees about the accident. *Id*. Defendants do not oppose discovery from Wright's subsequent employer so long as it pertains to the accident, but argue that discovery as to Wright's "entire file" is overbroad. *Id*. at 4–5. Defendants argue that certain requests of DistTech's training materials are irrelevant. *Id*. at 5. Defendants argue that "[n]o information about Wright's termination after the accident can prove negligence." Defendants oppose discovery into DistTech's investigation, arguing that "the issue in this case is negligence, not preventability, and discovery on preventability is neither relevant nor important to proving negligence." *Id*. at 6-7.

ORDER GRANTING IN PART DEFENDANTS' SECOND MOTION FOR PROTECTIVE ORDER AND GRANTING PLAINTIFF'S MOTION TO COMPEL - 5

The Court regrets that the parties have been unable to resolve these issues given the prior rulings. After reviewing the discovery requests at issue and what little arguments are made to oppose them, the Court finds that nearly all of these requests are for relevant information and proportional to the needs of this case. Discovery into Defendant Wright's post-accident conduct, to the extent that it could help explain his conduct prior to and during the accident, is relevant. For example, inquiries into Wright's post-accident incident report could easily lead Plaintiff to discover Defendants' varying and potentially contradictory versions of what occurred *prior to* and *during* the accident. DistTech's investigation and subsequent termination of Wright are clearly relevant topics of inquiry because they could show Defendants' own analysis of what occurred prior to and during the accident. Whether or not such records are admissible at trial is a different question. Defendant Wright's subsequent travel arrangements are likely irrelevant, but Defendants have failed to show why a protective order on such is necessary. Defendants provide zero or virtually zero argument as to proportionality, instead reiterating their arguments as to relevance. Defendants' arguments as to undue burden are adequately addressed by Plaintiff's efforts to minimize deposition time and utilize video conferencing. Accordingly, Defendants' Motion will be denied as to nearly all requested discovery.

The Court does find, however, that Plaintiff's request for "any and all documents related to your work at Sun Co Trucking," is overbroad and discovery should be limited to records related to the accident. *See* Dkt. #49-2 at 13. This limited protection does not extend to Request for Production No. 1 seeking an Authorization and Release for Defendant Wright's application and driver qualification file. *See id*. The Court requests that the parties work together in good faith to limit discovery of Sun Co Trucking records to those that mention the accident.

ORDER GRANTING IN PART DEFENDANTS' SECOND MOTION FOR PROTECTIVE ORDER AND GRANTING PLAINTIFF'S MOTION TO COMPEL - 6

## B. Plaintiff's Motion to Compel

Plaintiff's Motion seeks to compel production of accident-related reports prepared by Defendant Wright, if any, and two reports withheld under the work-product privilege. Dkt. #50. Defendants have indicated that there are two such reports in a privilege log. Dkt. #51-1 at 3. Defendants' privilege log indicated that one of these reports was authored by Defendant Wright. *Id*. Plaintiff argues that "[c]ompany policies required at least three different incident reports were to be completed in the regular course of business and unrelated to litigation. *Id*. at 2 (citing documents apparently produced in discovery but not provided to the Court by Plaintiff, later provided by Defendants in part at Dkt. #56-1 at 49-51). In Response, Defendants argue that "Wright testified at deposition that he did not prepare any such reports," that "after conducting a diligent search, Defendants have not located any either," and that "Plaintiff cannot compel production of something that does not exist." *Id*. at 1. The report originally identified as created by Wright is now attributed to a different DistTech employee. Defendants argue that the work product privilege applies to the two accident-related reports created by DistTech employees. *Id*. DistTech's argues that "on February 10, 2014 (the day after the accident and on the same day it received notice of the accident), DistTech retained counsel to represent it and Jacques Wright..." *Id*. at 4 (citing Dkt. #56-1 at 31-33). As for the first report in the Privilege Log, Defendants argue that "[a]fter DistTech retained counsel and began its pre-suit investigation, Virgil Davis, a member of DistTech's safety department, prepared an internal company report about the accident." *Id*. (citing Dkt. #56-1 at 31-33). As for the second incident report, Defendants argue that it was submitted on February 19, 2014, after DistTech retained counsel, and was authored by Randy Baynes, Wright's terminal manager. *Id*. at 4-5 (citing Dkt. #56-1 at 31–33; Dkt. #56-1 at 38–39). Defendants admit that they were not contacted by Plaintiff's counsel until February 28, 2014. *Id*. at 5 (citing Dkt. #56-1 at 44). However, Defendants point out that these reports "were

prepared while Wright was under ongoing criminal investigation." *Id*. at 9. On Reply, Plaintiff argues that the reports were required to be prepared under company policy and that "completing the reports pursuant to company policy and then later labeling them as 'work product' does not somehow trigger a privilege." Dkt. #58 at 5. Plaintiff questions why these two reports were not in a "litigation file" and notes that neither of the report authors state via declaration that their reports were created in anticipation of litigation. *Id*. at 4 (citing Dkt. #56-1 at 31–33; Dkt. #56-1 at 38–39).

The work product doctrine provides a qualified immunity for material prepared "in anticipation of litigation" by a party or its representative. Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495 (1947). The doctrine protects "trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews." *Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 549 (W.D. Wash. 2004). The party asserting the work product doctrine has the burden of establishing, for each document, the rule's application. *Id*. "It is well established that documents prepared in the ordinary course of business are not protected by the work-product doctrine because they would have been created regardless of the litigation." *Id*. at 549–50. Rather, "the material must have been produced because of that prospect of litigation and for no other purpose." *HSS Enterprises, LCC v. Amco Ins. Co.*, No. C06-1485-JPD, 2008 WL 163669, at *4 (W.D. Wash. Jan. 14, 2008) (citing *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 660 (S.D.Ind.1991))).

The Court agrees with Defendants that they cannot be compelled to produce reports drafted by Wright if none exist. As to the remaining reports, the Court agrees with Plaintiffs that Defendants have failed to establish that the work product privilege applies. Although the reports were prepared after the retention of counsel, Defendants have presented no evidence that the reports were created at the direction of counsel, and given that the reports were

required to be drafted under company policy, the Court finds that Defendants have failed to overcome the presumptions that they would have been created regardless of the litigation and that they were created in the ordinary course of business. *See Heath*, 221 F.R.D. at 549. Accordingly, the Court will grant Plaintiff's Motion to Compel as to these records.

## V. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

1. Defendants Motion for Protective Order (Dkt. #46) is GRANTED IN PART. Defendant Wright need only respond to Plaintiff's Request for Production No. 2 with records that mention or otherwise relate to the accident at issue in this case. The Motion is otherwise DENIED.

2. Plaintiff's Motion to Compel (Dkt. #50) is GRANTED. Defendants shall produce the two reports identified in their Privilege Log, Dkt. #51-1 at 3 within seven (7) days of this Order.

DATED this 7th day of September 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE