UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROMERO HEAD, as the court-appointed Personal Representative of the Estate of ROMEO A. HEAD,

    Plaintiff,

v.

DISTTECH, LLC, *et al.*,

    Defendants.

CASE NO. C16-1727 RSM

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the Court on Motions for Partial Summary Judgment filed by the parties. Dkts. #76 and #78. Plaintiff – as the personal representative of Mr. Head's estate – filed this lawsuit under Washington's wrongful death and survival statutes, seeking to recover damages on behalf of Mr. Head's alleged surviving children: Ariel Head, Arianna Head, A.H., R.H., T.G., K.H., and J.M. *See* Dkt. #41. The instant Motions seek the Court's determination of whether the minors T.G., J.M. and K.H. have standing to recover under Washington's wrongful death and survival statutes given an apparent lack of sufficient evidence in the record to establish that they are the minor children of the decedent Romeo A. Head.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 1

Defendants point out that the only evidence produced in discovery to establish Mr. Head's paternity of T.G., J.M., and K.H. was the following:

> (1) that these minors are receiving benefits from Social Security as a result of his death;
> (2) that these minors are receiving benefits from an occupational accident insurance policy as a result of his death.
> (3) the deposition testimony of their mothers claiming Mr. Head was their father, and
> (4) DNA test results finding Mr. Head is their father.

Dkt. #76 at 2–3. According to Defendants, this is insufficient evidence to seek damages for wrongful death or survival benefits on the behalf of these minors under Washington's wrongful death statute, RCW 4.20.010, general survival statute, RCW 4.20.046, and the special survival statute, RCW 4.20.060. *Id*. at 3, 9–10. Defendants admit that "[t]he wrongful death statute does not specifically identify what evidence is required to prove, in this case, the paternity of the decedent." *Id*. Defendants urge the Court to apply the evidentiary test found in the Washington Uniform Parentage Act ("WUPA"). The WUPA "applies to determinations of parentage in this state." RCW 26.26.021. Ways to establish a parent-child relationship include "an adjudication of the person's parentage," but the statute does not explicitly include the above types of evidence produced by Plaintiff in discovery. *See* RCW 26.26.101. Defendants argue that this is dispositive to Plaintiff's ability to recover both wrongful death and survival benefits on behalf of T.G., J.M., and K.H. Dkt. #76.

After Defendants filed their Motion, Plaintiff separately moved the Court for an order establishing that T.G., J.M., and K.H are the children of Romeo Head based solely on the evidence originally produced to Defendants. Dkt. #78. Although Defendants disagree, such a Court Order might satisfy the statutory requirements identified above. However, the Court finds that Plaintiff's Motion is moot given subsequent developments.

In Response to Defendants' Motion, Plaintiff stated "although we dispute any denial that these boys are the children of Romeo Head, we are proceeding with the filing of an action under the WUPA to protect the important and just rights of T.G., K.H. and J.M." Dkt. #80 at 9; *see also* Dkt #78 at 7.

On Reply, Defendants argue that "any attempt to adjudicate Mr. Head's parentage at this stage is barred by the applicable statute of limitations." Dkt. #82 at 7 (citing RCW 26.26.530(1)).

Plaintiff has subsequently obtained state court adjudications of parentage showing that the decedent is the parent of T.G., K.H., and J.M. Dkts. #87-1; #87-2; and #87-3. These adjudications are dated January 4, 2018. *Id.* Defendants attempted to intervene and seek reconsideration in those state court proceedings but were denied. *See* Dkt. #94-1. Nonetheless, the state court considered Defendants' substantive arguments and found no basis to reconsider its rulings. *Id.*

Defendants have filed a Surreply objecting to the admission of these adjudications into the record, considering that they were not previously disclosed in initial disclosures or produced in discovery. Dkt. #91. The Court notes that these adjudications were obtained in response to Defendants' arguments on summary judgment, were filed on the docket five days after the adjudications, and could not have been produced earlier in discovery. These adjudications were not obtained in bad faith, but rather to ensure that there was no procedural bar for the Court to conclude what is otherwise obvious from the record—that T.G., K.H., and J.M are the children of the decedent. The delay was thus substantially justified. While there may have been a more procedurally appropriate method for Plaintiff to present this evidence to the Court, Defendants raise no valid argument for striking this evidence, and the Court concludes that good cause exists to consider it. Any delay or procedural error by Plaintiff did

not unduly prejudice Defendants, given that the adjudications were put on the record prior to the close of discovery, *see* Dkt. #68, and Defendants were put on notice that Plaintiff would attempt to obtain this evidence prior to the dispositive motion deadline, *see* Dkts. #25 and #80 at 9. Defendants have had an opportunity to respond to this evidence with procedural and substantive arguments. *See* Dkts. #82 and #91.

The Court finds that Plaintiff now has the necessary evidence of parentage to satisfy Washington State's wrongful death and survival statutes. This is sufficient to deny Defendants' Motion. Defendants' statute of limitations and standing arguments related to the adjudications, *see* Dkt. #91 at 4, are not properly before *this* Court. The Court concludes that it need not address Plaintiff's arguments in its Motion for Partial Summary Judgment, having concluded that the adjudications above are sufficient evidence of parentage.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion is DENIED and Plaintiff's Motion is DENIED AS MOOT for the reasons stated above. All other issues brought up in the Motions, including requests to strike evidence not cited above, are moot given the Court's ruling.

DATED this 13 day of February, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE